IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO.  JKB-16-336 |
| ANDREW STAFFORD, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

The Defendant Andrew Stafford was sentenced to a period of 72 months' imprisonment after pleading guilty to Conspiracy to Commit Mail Fraud.  (ECF Nos. 31, 80.)  Stafford is currently incarcerated at FCI Morgantown.  He has now filed a Motion for Compassionate Release (ECF No. 83) in light of the COVID-19 Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.)  No hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Stafford filed a request with the warden of his institution on May 1, 2020, and the government does not dispute that he has satisfied the procedural requirements of § 3582(c)(1)(A).  (*See* ECF No. 85, at 7.)  Therefore, the question

1

facing the Court is whether Stafford has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516,

at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Stafford has failed to establish extraordinary and compelling reasons for compassionate release. Stafford identifies three factors which he asserts heighten his risk of suffering from severe illness should he contract COVID-19: (1) he is 60 years old; (2) he suffers from prostate issues and has elevated PSA levels in his prostate; and (3) he has a history of smoking cigarettes. (*See* ECF No. 83-1, at 2.) Of these three factors, the only one which the CDC has confirmed is associated with a heightened risk of severe illness is Stafford's age. *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed July 8, 2020) (describing individuals with a history of smoking as individuals that "might be at an increased risk"). The Court acknowledges that Stafford's age does enhance his risk compared to the average incarcerated individual. However, the Court also notes that, at 60 years old, Stafford is not in the highest risk age-group. Further, there are currently no confirmed active cases of COVID-19 at FCI Morgantown, which weighs against a finding of extraordinary and compelling reasons for release. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 8, 2020). Also weighing against release is the fact that Stafford has served only approximately 18 months of a 72 month sentence—which sentence itself represents a substantial downward variance from the 108 to 135 month guidelines range. (*See* ECF No. 81.)

3

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Stafford's legitimate concerns about his health and living situation. However, Stafford's age and history of smoking do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief, and Stafford's motion fails to establish the presence of other factors supporting compassionate release at this time. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]"). Stafford's Motion for Compassionate Release (ECF No. 83) is accordingly DENIED.

DATED this 9th day of July, 2020.

                              BY THE COURT:

                              /s/

                              James K. Bredar
                              Chief Judge