## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                           |     |                        |
|---------------------------|-----|------------------------|
|                           |  *  |                        |
| **UNITED STATES OF AMERICA** |  *  |                        |
| **v.**                    |  *  | **CRIM. NO.  JKB-16-336** |
| **ANDREW STAFFORD,**      |  *  |                        |
| **Defendant.**            |  *  |                        |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Andrew Stafford's Motion for Reconsideration (ECF No. 88) of the Court's Memorandum and Order (ECF No. 87) denying his Motion for Compassionate Release (ECF No. 83). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion is DENIED.

Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." Therefore, when faced with a motion for compassionate release, the Court must determine: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; and (2) whether release is consistent with the factors set forth in 18 U.S.C. § 3553(a). In July, the Court denied Stafford's motion upon a finding that he had failed to establish "extraordinary and compelling reasons." (ECF No. 87.)

Stafford's motion for reconsideration highlights three changes that have occurred in the intervening months. First, Stafford notes that, while FCI Morgantown was free of COVID-19 in July, there are now cases at the facility. (ECF No. 88 at 1.) As of this writing, BOP statistics

indicate that there are three confirmed active cases among inmates, two among staff, and four confirmed recovered cases among inmates and staff. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed Oct. 22, 2020). Second, Stafford notes that the CDC has recently revised its guidance to reflect that being a current or former cigarette smoker (like Stafford) increases an individual's risk of severe illness from COVID-19. (ECF No. 89 at 1–2.) Third, Stafford notes that new CDC guidance now designates overweight individuals (like Stafford) as individuals who "might" be at increased risk of severe illness from COVID-19. (*Id.*)

The Court is not convinced that these new facts establish extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), though they do make it a closer question than it was in July. Setting aside the change in CDC guidance, the Court can see no sense in which a very average BMI of 27 could put Stafford at higher than average risk. *See* Obesity and Overweight, CTRS. FOR DISEASE CONTROL, http://www.cdc.gov/nchs/fastats/obesity-overweight.htm (last accessed Oct. 22, 2020) (reporting that as of 2016, over seventy percent of adult Americans had BMIs over 25). However, the change in CDC guidance regarding the association between a history of smoking and severe illness from COVID-19 is more concerning to the Court. While merely being a past smoker would not suffice to establish extraordinary and compelling reasons for most inmates, given Stafford's age (60 years old), the Court takes the newly confirmed combination of risk factors seriously. Likewise, though the evidence before the Court indicates that the situation at FCI Morgantown remains controlled, the fact that COVID-19 has entered the facility enhances Stafford's risk.

Nevertheless, even assuming, *arguendo*, that these changed circumstances establish "extraordinary and compelling reasons," analysis of the § 3553(a) factors would still lead the Court

to deny reconsideration.  Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).  The Court has reviewed the relevant factors and finds that the § 3553(a) factors do not permit Stafford's release.

Stafford was a leading member of a large-scale, multi-year conspiracy that defrauded individuals and companies of more than fifty-million dollars.  The scheme was massive in scope, involved extreme dishonesty, and was very harmful to its many victims.  The guidelines range applicable to Stafford was 108–135 months, and the Court varied downward substantially in imposing a sentence of 72 months.  (ECF No. 81.)  To release Stafford now would effectively reduce that sentence to approximately 20 months—twenty percent of the bottom of the guidelines range.  (*See* ECF No. 88 at 9.)  Such a sentence would not reflect the seriousness with which the Court views Stafford's crimes, nor the extent of the harm he caused.  Likewise, it would produce a peculiar and unwarranted sentencing disparity between Stafford and his co-defendants—with one of the most egregious offenders receiving among the most lenient sentences.  Though Stafford attempts to draw an analogy to his co-defendant Robert Chesser, whom the Court granted compassionate release in light of BOP's inability to treat his metastatic cancer during the pandemic, the Court finds Stafford's situation much more akin to that of co-defendant Eric Epstein, whose request for release the Court denied.  In short, even assuming Stafford has narrowly

demonstrated extraordinary and compelling reasons, the Court would still find that the severity of his crimes, the massive accompanying harm, the need to protect the public, and the need for deterrence render compassionate release inappropriate.

Denying compassionate release is not a decision the Court makes lightly. The Court again acknowledges the very real danger posed by the COVID-19 pandemic and the serious concern that Stafford and his family undoubtedly feel. But having considered Stafford's situation a second time, the Court again finds that the extraordinary remedy of judicially ordered compassionate release is not warranted. Stafford's Motion for Reconsideration (ECF No. 88) is accordingly DENIED.

DATED this 23 day of October, 2020.

BY THE COURT:

James K. Bredar
Chief Judge